UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,         :

                        :     06-cr-580-5 (JSR)

     -v-                   :

                        :     MEMORANDUM ORDER

ANTHONY VALENTINE,          :

                        :

     Defendant.          :

                        :

------------------------------------x

JED S. RAKOFF, U.S.D.J.

Anthony Valentine moves for reconsideration of the Court's June 1, 2020 order denying his motion for compassionate release, and for appointment of counsel to assist him with the same. The Government has filed an answering brief, and Valentine has filed a reply.

Around the turn of the millennium, Valentine participated in a gang that trafficked narcotics in a residential neighborhood in the Bronx. Valentine's involvement in the gang included the commission of serious violent acts, including a murder and an attempted murder. In May 2000, Valentine recruited three gang members to rob and murder Charles Myers, one of Valentine's own friends. Valentine learned that there was another person in the vehicle with Myers, Frederick Fowler, but Valentine nevertheless chose to press on with the plan to rob and murder Myers. Valentine lured Myers and Fowler to a location where the gunmen were waiting.

1

Valentine took $20,000 in cash from Myers, and the gunmen fired into the vehicle, killing Fowler.

On June 18, 2008, Valentine pled guilty to participating in a continuing criminal enterprise and associated firearm use, in violation of 21 U.S.C. § 848(e)(1)(A), 18 U.S.C. § 2, and 18 U.S.C. §§ 924(c)(1)(a)(i) & 924(c)(2).  On November 4, 2008, the Court sentenced Valentine to, inter alia, 330 months' imprisonment. Valentine has now served just over half of his prison term.

Last May, through retained counsel Bernard V. Kleinman, Esq., Valentine sought compassionate release based on the COVID-19 pandemic.  Following briefing and oral argument, the Court denied Valentine's motion from the bench.  The Court reasoned:

> It is true that Mr. Valentine is at higher risk of severe complications were he to contract the coronavirus than some people, although he is certainly not at the high end.  He is 48 years old, but he is obese, he does have asthma he does have hypertension, and that means he is at greater risk than other 48-year-olds. . . . Another part of the balance, however, is the fact that, as far as anyone can tell, there have been no coronavirus infections at [FCI] Loretto.  That doesn't mean it won't happen. The theory is that places like Loretto, where social distancing is difficult, where the facilities don't lend themselves to utter cleanliness, etc., are areas where it's easy for coronavirus to break out.  Well, that is theoretically true, but what we have found -- this was hardly unexpected -- is that it has been much more of a problem in certain facilities than in others.   . . .   And for whatever reason, whether hygiene or just dumb luck, that weighs in the Court's balance because we are all talking here about speculations, if you will, about what might happen, and here is at least one indication of what has happened or failed to happen so far.

2

Turning to the Section 3553(a) factors, it is clear
that the defendant here committed monstrous criminal
activity and that he has yet to serve at least ten years
of his well-deserved sentence. In addition, it seems to
me that considerations of comparison between his
activity and the activity of those that I have released
under the statute is not irrelevant. It's one thing to
release somebody who has served most of their sentence
but who has a short period to go and who has a physically
high risk, even in an institution where the recorded
cases may be low. It's quite something else to release
someone from an institution that has had no recorded
cases and who is at high, but not very highest risk,
when he has not yet served more than ten years of his
sentence for the most serious kinds of criminal
activity.

So for all those reasons, the motion is denied.

Tr., ECF No. 265 (June 1, 2020).

"The standard for granting [a motion for reconsideration] is

strict, and reconsideration will generally be denied unless the

moving party can point to controlling decisions or data that the

court overlooked -- matters, in other words, that might reasonably

be expected to alter the conclusion reached by the court." Shrader

v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

"Reconsideration is not an invitation for parties to treat the

court's initial decision as the opening of a dialogue in which the

party may then use such a motion to advance new theories or adduce

new evidence in response to the court's rulings." United States

v. Daugerdas, 2020 WL 4931988, at *2 (S.D.N.Y. Aug. 18, 2020)

(quotation marks and internal citation omitted).

Valentine notes three pertinent changes in fact.  First, many inmates at FCI Loretto have now contracted COVID-19.  When denying Valentine's motion for compassionate release last year, the Court relied in part on the fact that there had been no known COVID-19 cases at FCI Loretto.  The outbreaks at FCI Loretto obviously increased the risk he faced.

Second, Valentine alleges that he has been diagnosed with osteomyelitis, an infection of the bone, along with other infections in his left leg and shoulder.  This Court previously recognized that Valentine's obesity, hypertension, and asthma placed him at an increased risk for suffering a severe case of COVID-19.  Perhaps his osteomyelitis further increased that risk, though the Court is aware of no evidence specifically linking osteomyelitis to COVID-19 risk.

Finally, Valentine himself has contracted and recovered from COVID-19.  This factual change cuts the other direction, tending to decrease the chance that Valentine will suffer serious illness or death from COVID-19.  Reinfection, while not impossible, is rare.[1]

---

[1] Heidi Ledford, COVID Reinfections Are Unusual — But Could Still Help the Virus to Spread, Nature.com, https://www.nature.com/articles/d41586-021-00071-6 (Jan. 14, 2021) ("Most people who catch and recover from COVID-19 are likely to be immune for several months afterwards.")

On balance, these factors might slightly improve Valentine's argument for "extraordinary and compelling circumstances," but such circumstances still do not come close to warranting a reduction to time served.  Relatedly, these factual changes do nothing to undermine the Court's prior § 3553(a) analysis. Releasing Valentine today would be grossly inconsistent with the nature and seriousness of the offense and would afford inadequate deterrence.

For these reasons, Valentine's motions for appointment of counsel, ECF No. 264, and for reconsideration, ECF No. 267, are denied.

SO ORDERED.

Dated:     New York, NY
           March 8, 2021

                                    _____
                                    JED S. RAKOFF, U.S.D.J.