UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :     06-cr-580-5 (JSR)
            -v-                            :
                                           :     ORDER
ANTHONY VALENTINE,                         :
                                           :
            Defendant.                     :
                                           :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

        Anthony Valentine again moves for a reduction in sentence

pursuant to 18 U.S.C. § 3582(c)(1)(A) and appointment of counsel

to assist him with the same. See ECF No. 285. On June 1, 2020, the

Court denied Valentine's initial motion for a reduction in sentence

to time served, see ECF No. 263, and on March 8, 2021, denied his

motion for reconsideration and appointment of counsel, see ECF No.

272.

        As set out in the Court's March 8, 2021 order denying

Valentine's motion for reconsideration, Valentine participated in

a gang that trafficked narcotics in the Bronx. Valentine recruited

three gang members to rob and murder Charles Myers, and, despite

learning that another person, Frederick Fowler, would be in the

same vehicle, chose to move forward with the plan to rob and murder

Myers. Valentine lured Myers and Fowler to where the gunmen were

waiting and took $20,000 in cash from Myers, after which the gunmen

fired into the vehicle, killing Fowler. On June 18, 2008, Valentine

pled guilty to participating in a continuing criminal enterprise and associated firearm use. On November 4, 2008, the Court sentenced Valentine to, inter alia, 330 months' imprisonment. At this point, Valentine has served roughly half of his sentence.

In the instant motion, Valentine presents three interrelated arguments, not raised or addressed previously, that he contends warrant granting his motion for a reduction in sentence: (1) that he now suffers from "long-haul" COVID-19, in addition to previously identified medical conditions; (2) that vaccines do not prevent the spread of COVID-19 as new variants emerge; and (3) that the Bureau of Prisons is failing to contain the spread of COVID-19.

Valentine's new arguments are unavailing. The CDC does not identify "long-haul" COVID as increasing the risk of getting severely ill from COVID-19.[1] Furthermore, there is currently one inmate case of COVID-19 and two staff cases at FCI Loretto, where Valentine is incarcerated -- hardly evidence of a failure of either vaccines or the BOP to contain the spread of COVID-19.[2]

In any case, these arguments do not change the Court's analysis that Valentine has not demonstrated "extraordinary and

---

[1]    COVID-19 – People with Certain medical Conditions, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Nov. 30, 2021).

[2]    Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed Nov. 30, 2021).

compelling circumstances" to warrant a reduction in sentence to home confinement, nor do they in any way undermine the Court's prior § 3553(a) analysis. As the Court stated in its order of March of this year, reducing Valentine's sentence today to home confinement would be grossly inconsistent with the nature and seriousness of the offense and would not afford adequate deterrence. For the foregoing reasons, Valentine's motion for compassionate release and appointment of counsel, ECF No. 285, is denied.

     SO ORDERED.

Dated:    New York, NY  
          December  1 , 2021                JED S. RAKOFF, U.S.D.J.