```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :    06-cr-580-5 (JSR)
         -v-                         :
                                     :    ORDER
ANTHONY VALENTINE,                   :
                                     :
         Defendant.                  :
                                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Anthony Valentine once more moves for appointment of counsel to pursue a reduction in sentence through compassionate release under 18 U.S.C. § 3582(c)(1). ECF No. 297. Valentine's motion also asks for a sentence reduction under the First Step Act of 2018 and seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 because he argues one of his counts of conviction was invalid. Id. The Court now denies the motions.

Around the turn of the millennium, Valentine participated in a gang that trafficked narcotics in a residential neighborhood in the Bronx. Valentine's involvement in the gang included the commission of serious violent acts, including a murder and an attempted murder. In May 2000, Valentine recruited three gang members to rob and murder Charles Myers, one of Valentine's own friends. Valentine learned that there was another person in a vehicle with Myers, Frederick Fowler, but Valentine nevertheless chose to press on with the plan to rob and murder Myers. Valentine

1

lured Myers and Fowler to a location where the gunmen were waiting. Valentine took $20,000 in cash from Myers, and the gunmen fired into the vehicle, killing Fowler.

On June 18, 2008, Valentine pleaded guilty to murder in connection with a conspiracy to distribute and possess, with intent to distribute, crack, in violation of 21 U.S.C. § 848(e)(1)(A); and to the use and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). See ECF Nos. 126, 157. On November 4, 2008, the Court sentenced Valentine to, inter alia, 330 months' imprisonment. ECF No. 157.

On June 1, 2020, the Court denied Valentine's first motion for a reduction in sentence to time served, see ECF No. 263, and on March 8, 2021, denied his motion for reconsideration and appointment of counsel, see ECF No. 272. Valentine moved for a second time for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and for appointment of counsel, on November 15, 2021. ECF No. 285. The Court denied the motion. ECF No. 288. As with Valentine's first such motion, Valentine failed to demonstrate "extraordinary and compelling circumstances" to warrant a sentence reduction, and in any event, the release to home confinement that Valentine sought "would [have been] grossly inconsistent with the nature and seriousness of the offense and would not afford adequate deterrence." ECF No. 288, at 2-3.

In the instant motion, Valentine's primary argument for a sentence reduction emphasizes his rehabilitation, which he seeks counsel to help establish. See ECF No. 297, at 15-21. He also highlights his "young age" -- in his 20s -- at the time his criminal conduct occurred. Id. at 34. But those arguments, even if credited, go to the Court's analysis of the 18 U.S.C. § 3553(a) factors; Valentine still must establish that "extraordinary and compelling reasons warrant" a reduction of his sentence. § 3582(c)(1)(A). On the latter front, Valentine's arguments largely recapitulate those the Court has already rejected because he has not shown he is at risk of becoming severely ill from COVID-19. ECF No. 297, at 21-30. Valentine also invokes a "K-2 epidemic" within the Bureau of Prisons as a whole, but he makes no mention of the particular conditions at his facility or of any individualized risk factors. Id. at 25. Valentine thus has not demonstrated an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1).

Valentine also seeks a sentence reduction under section 404 of the First Step Act. See ECF No. 297, at 4-7. The Court has already held, however, that the offenses to which Valentine pleaded guilty -- murder and firearm-related crimes -- "are not 'covered offenses' under the First Step Act, because sections 2 and 3 of the Fair Sentencing Act did not modify the statutory penalty for

these offenses." ECF No. 253, at 2. Valentine is thus not entitled to such relief.

Finally, Valentine argues his guilty plea to the 18 U.S.C. § 924(c) count was invalid when entered because the count's predicate drug trafficking offense was not a felony. See ECF No. 279, at 10-13; 18 U.S.C. § 924(c)(2). Although Valentine did not style the argument as such, that contention is properly understood as a separate motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the . . . laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

Whether Valentine is right or wrong on the merits of that argument, the Court cannot consider it. Valentine has already filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the Court denied on December 2, 2015. See ECF No. 241. The Court may not consider a legal argument in a successive § 2255 motion unless a panel of the Second Circuit has certified the argument involves "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2); see ECF No. 256, at 1 (Second Circuit rejecting a previous successive § 2255

4

motion Valentine brought, because he failed to make "a prima facie showing that the requirements of 28 U.S.C. § 2255(h) are satisfied"). There has been no such certification here.

For these reasons, Valentine's motion for a sentence reduction and for appointment of counsel, and Valentine's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, ECF No. 297, are denied.

SO ORDERED.

Dated:   New York, NY
         August 14, 2023

                                         _____
                                         JED S. RAKOFF, U.S.D.J.